UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT WILLIAMS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>VISTA ON 5TH d/b/a LOTT ASSISTED RESIDENCE,<br><br>　　　　　　　　　　Defendant. | 23-cv-10477 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Plaintiff Robert Williams claims that Defendant Vista on 5th, his employer, discriminated against him based on his age and then retaliated against him after he complained. *See* Compl. at 8, Dkt. 1; *see also* Dkt. 16-3. He has sued under the federal Age Discrimination in Employment Act (ADEA), the New York State Human Rights Law (NYSHRL), and New York City Human Rights Law (NYCHRL). Compl. at 4.

Williams originally complained to the New York State Division of Human Rights. *See* Dkt. 16-1 at 5. There, he alleged the exact same facts as he does here, and he claimed that Vista violated Title VII and the NYSHRL. *Compare id.* at 5, 7, *with* Compl. at 8. After investigating, the Division "determined that there [was] no probable cause to believe that [Vista] ha[d] engaged in … the unlawful discriminatory practice complained of." Dkt. 16-3 at 1. "The investigation did not reveal sufficient evidence to establish [an] inference of discrimination based on age or … retaliation." *Id.* at 5.

Williams then filed an Article 78 petition, asking the New York Supreme Court for relief from the agency's decision. Dkt. 16-4. But the New York court denied the petition, "find[ing] the decision to be rational based on the evidence presented, and thus not arbitrary and capricious." Dkt. 16-6 at 4. In between the Division's decision and the New York court's decision, Williams received a right-to-sue letter from the Equal Employment Opportunity Commission and sued Vista in this Court. Compl. at 13. Vista now moves to dismiss, arguing that claim and issue preclusion bar Williams's claims.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, the Court "accept[s] all factual allegations as true, and draw[s] all reasonable inferences

in the plaintiff's favor." *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016). And "[w]here, as here, the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests. Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (cleaned up).

Claim and issue preclusion are affirmative defenses, so they justify dismissal "only when facts supporting the defense[s] appear on the face of the complaint" and other materials a court may consider. *In re Nine W. LBO Sec. Litig.*, 87 F.4th 130, 142 (2d Cir. 2023); *see Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992). These materials include documents attached to, incorporated in, or integral to the complaint. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 558–59 (2d Cir. 2016). The Court may also take judicial notice of certain "matters of public record," like "case law and statutes." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998); *see also Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020) (holding that district courts may take judicial notice of Article 78 petitions and the related state-court decisions).

## DISCUSSION

Preclusion helps ensure that judgments are final. It can take one of two forms: claim preclusion or issue preclusion. (Confusingly, claim preclusion is also known as res judicata, issue preclusion is also known as collateral estoppel, and both concepts together are also sometimes referred to as res judicata. *Allen v. McCurry*, 449 U.S. 90, 94 n.5 (1980).) "Under [claim preclusion], a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under [issue preclusion], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* at 94. (citation omitted).

In federal court, the preclusive effect of state-court decisions is governed by statute. Under 28 U.S.C. § 1738, state-court "judicial proceedings … shall have the same full faith and credit in every court within the United States … as they have by law or usage in the courts of such State … from which they are taken." This provision "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982).

As noted, Vista raises both kinds of preclusion here. But as Williams points out, the Second Circuit recently held that claim preclusion has some limits and complications when applied to Article 78 petitions. *See Whitfield v. City of New York*, 96 F.4th 504, 525–26 (2d Cir. 2024). Yet that decision expressly did *not* address issue preclusion. *Id.* at 523 n.16; *see also Oliver v. D'Amico*, 2024 WL 2013670, at *2 n.1 (2d Cir. May 7, 2024). Because issue preclusion is enough to decide this motion, the Court need not wrestle with the new claim-preclusion decision.

Focusing on issue preclusion, New York law generally "bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007). "The doctrine,

however, is a flexible one …. In the end, the fundamental inquiry is whether relitigation should be permitted in a particular case in light of fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results." *Buechel v. Bain*, 766 N.E.2d 914, 919 (N.Y. 2001) (cleaned up).

The underlying proceeding satisfies both elements. Indeed, the Supreme Court held as much in *Kremer v. Chemical Construction Corp.*, 456 U.S. 461 (1982). There, an employee complained of employment discrimination, but the New York State Division of Human Rights "concluded that there was no probable cause to believe that [the employer] had engaged in the discriminatory practices complained of." *Id.* at 464. "The [Division's] determination was upheld by its Appeal Board as 'not arbitrary, capricious or an abuse of discretion.'" *Id.* And that decision was affirmed by the Appellate Division of the New York courts. *Id.*

On the first element, the Supreme Court held that this decision precluded not only the employee's state employment-discrimination *claim* but also the *issue* of whether he was discriminated against. *Id.* at 467, 479–81 & n.22 (leaving open whether the Title VII claim was subject to claim preclusion but holding that "it is undebatable that [the employee] is at least [collaterally] estopped from relitigating the issue of employment discrimination arising from the same events"). Because relitigating that issue was barred, the employee's Title VII claim necessarily failed too: "The elements of a successful employment discrimination claim are virtually identical; [the employee] could not succeed on a Title VII claim consistently with the judgment of the [Division] that there is no reason to believe he was [discriminated against]. The Appellate Division's affirmance of the [Division's] dismissal necessarily decided that [the employee's] claim under New York law was meritless, and thus it also decided that a Title VII claim arising from the same events would be equally meritless." *Id.* at 479–80 & n.21; *see also id.* at 480 n.21 ("There is no requirement that judicial review must proceed de novo if it is to be preclusive.").

So too here. The agency's decision and the New York Supreme Court's affirmance preclude Williams from relitigating whether whether he was discriminated or retaliated against based on the allegations there, which are simply re-alleged here. *See Kremer*, 456 U.S. at 480 n.21 ("It is well established that judicial affirmance of an administrative determination is entitled to preclusive effect."). Either discrimination or retaliation is a necessary element of each of Williams's claims, so they all fail. *See Anderson v. Amazon.com, Inc.*, 2024 WL 2801986, at *11–12 (S.D.N.Y. May 31, 2024) (NYSHRL and NYCHRL); *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312–13 (1996) (ADEA); *see also Russell v. N.Y. Univ.*, 2024 WL 1773218, at *3–4 (N.Y. Apr. 25, 2024) (holding that the slight difference between the NYSHRL's and NYCHRL's standards is immaterial to issue preclusion when the fact-finder determines "that [the] plaintiff produced *no* evidence on the relevant specific factual issue" and "the factual findings … make clear that *no* pretext or retaliatory animus existed" (cleaned up)); Dkt. 16-3 at 5–6 (Division's findings).

On the second element, New York law holds that the NYSHRL's procedures give plaintiffs a full and fair opportunity to litigate the issues, and Williams doesn't contest that these procedures were followed. *See, e.g.*, *Rosenthal v. Roosevelt Island Operating Corp.*, 200 N.Y.S.3d 341, 343 (1st Dep't 2023); N.Y. Exec. Law § 300. So both elements of the test are met, and the Court doesn't

see a reason to bend the "flexible" doctrine in this case. *Cf. Sahni v. Legal Servs. of the Hudson Valley*, 2015 WL 4879160, at *4 (collecting cases reaching the same result when "essentially identical to *Kremer* and its progeny"). New York law would thus apply issue preclusion, and § 1738 "commands a federal court to accept" that result. *Kremer*, 456 U.S. at 482.

The only backstop is when the "state proceedings" fail to "satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." *Id.* In *Kremer*, the Supreme Court had "no hesitation in concluding that [New York's] panoply of procedures, complemented by administrative as well as judicial review, [was] sufficient under the Due Process Clause." *Id.* at 484. The procedures Williams faced were essentially the same. *Compare id.* at 483–85 (canvassing procedural protections), *with* N.Y. Exec. Law § 297 (2022). And no court has ever found any version of New York's procedures constitutionally inadequate. *See, e.g.*, *Johnson v. N.Y.C. Dep't of Educ.*, 2011 WL 13300034, at *2 (E.D.N.Y. Apr. 22, 2011) ("That the process afforded litigants in an Article 78 proceeding meets [the due-process] standard has been confirmed by courts in this circuit … repeatedly[.]"); *Rullan v. N.Y.C. Dep't of Sanitation*, 2011 WL 1833335, at *5 (S.D.N.Y. May 12, 2011). And again, there is no suggestion that Williams was deprived of these procedures here. *See* Compl. at 5, 8; Dkt. 16-3; Dkt. 22 at 3–5. Even if he "failed to avail himself of the full procedures provided by state law," that "does not constitute a sign of their inadequacy." *Kremer*, 456 U.S. at 485. So the Court sees no reason to believe that the procedures fell short of what the Due Process Clause requires.

## CONCLUSION

For these reasons, Defendant's motion to dismiss is GRANTED. But the complaint is dismissed without prejudice. Williams's complaint says, "The Defendant [is] continuing to commit these acts against me." Compl. at 5. No further explanation is given. To ensure that Williams has the opportunity to allege any further acts of discrimination or retaliation not yet described, the Court will permit Williams to file an amended complaint on or before September 9, 2024. If no amended complaint is filed, then the case will be dismissed with prejudice.

The Clerk of Court is directed to close Dkt. 15.

SO ORDERED.

Dated: August 8, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge